## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JENNA DORSEY, et al.,
Plaintiffs,

v.                                                    CIVIL NO. 05-1094(DRD)

HUGH ANDREWS, et al.,
Defendants

| MOTION | ORDER |
|---|---|
| **Date Filed: 11/07/05**<br>**Docket #33**<br>[X] **Plaintiff**<br>[] **Defendant**<br>**Title:** Motion Requesting Voluntary Dismissal Against Co-defendant USAA | **GRANTED.** Because Plaintiff, Jenna Dorsey, et al., has appeared requesting the voluntary dismissal of all its causes of action against co-defendant, USAA Insurance, and because no responsive pleading has been filed by the instant defendant, the Court hereby **GRANTS** plaintiff's request, and pursuant to Fed.R.Civ.P., 41(a)(1)(i), **DISMISSES** plaintiff's claims against the defendant **WITHOUT PREJUDICE**. It is known that the Court will usually refrain from issuing a partial judgment because the First Circuit strongly disfavors partial judgments as they foster piecemeal appeals.  See Nichols v. Cadle Co., 101 F.3d 1448, 1449 (1st Cir. 1996) ("piecemeal appellate review invites mischief. Because the practice poses a host of potential problems we have warned, time and again, that Rule 54(b) should be used sparingly."); Zayas-Green v. Casaine, 906 F.2d 18, 21 (1st Cir. 1990) ("This final judgment rule . . . furthers 'the strong congressional policy against piecemeal review.'" Id. (quoting In re Continental Investment Corp., 637 F.2d 1, 3 (1st Cir. 1980)); Comite Pro Rescate De La Salud v. Puerto Rico Aqueduct and Sewer Authority, 888 F.2d 180, 183 (1st Cir. 1989); Consolidated Rail Corp v. Fore River Ry. Co., 861 F.2d 322, 325 (1st Cir. 1988); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 43 (1st Cir. 1988); Santa Maria v. Owens-Ill., Inc., 808 F.2d 848, 854 (1st Cir. 1986)); see also United States v. Nixon, 418 U.S. 683, 690 (1974).  However, because plaintiffs have appeared requesting partial judgment in favor of the appearing parties, the Court deems that there is no reason for delaying the adjudication of the instant claims and entering Partial Judgment particularly also because there is minimal probability of appeal.  **Partial Judgment** shall be entered accordingly. |

**IT IS SO ORDERED.**
In San Juan Puerto Rico this 6th day of December 2005.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**