**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**JENNA DORSEY, et al.,**
**Plaintiffs,**

v.                                                                                    **CIVIL NO. 05-1094(DRD)**

**HUGH ANDREWS, et al.,**
**Defendants**

**ORDER**

Pending before the Court are several co-defendants' discovery related motions. Specifically, Ace Insurance Company's *Motion Requesting Extension of Discovery Deadline; in the Alternative, Motion to Strike Plaintiff's Expert Witness* (Docket No. 53); HR Properties d/b/a Courtyard Marriot's *Motion for Extension of Time* (Docket No. 54); and Hugh A. Andrews' *Motion for Sanctions Against Plaintiffs for Failure to Completely Disclose Expert Testimony Pursuant to Fed.R.Civ.P. 26(a)(2)(B) and Comply with August 29, 2005 Scheduling Orders* (Docket No. 56).

Ace Insurance Company's motion moves the Court to extend the discovery deadline due to the fact that plaintiff was not deposed as scheduled nor examined by defendants' expert because she was not able to travel to Puerto Rico. Ace Insurance notes in its motion that shortly after plaintiff's schedule proceedings were frustrated, plaintiff was granted leave to file an Amended Complaint and discovery was stalled for several weeks until the new co-defendants made their appearance. Ace Insurance further sustains that the earliest date provided by defendants' medical expert to evaluate plaintiff is April 5, 2006. Ace Insurance requests that either the discovery deadline be extended for an additional ninety (90) days, that is until June 16, 2006, to conclude depositions of plaintiffs, their treating physicians, and to perform plaintiff's medical evaluation by defendants' expert. In the alternative, Ace Insurance moves to strike plaintiff's expert for plaintiff's failure to appear as scheduled at the deposition and the medical evaluations preventing co-defendants to provide in a timely fashion their respective expert reports.

In turn, HR Properties d/b/a Courtyard Marriot moves for an extension of time until March 24, 2006 to allow its insurance carrier to designate an attorney who in turn will submit co-defendant's Answer to the Amended Complaint. Finally, co-defendant Hugh A. Andrews moves the Court to exclude from the record plaintiff's medical expert's report and to further exclude said expert as a witness for plaintiffs during trial for plaintiffs' failure to fully comply with the mandatary disclosures as set by Rule 26(a)(2)(B), Fed.R.Civ.P., resulting in a violation of the scheduling order issued by the Court on August 29, 2005. Co-defendant sustain that plaintiff's medical expert report although filed within the extension of time provided by the Court failed to: 1) provide the data or other information considered by the expert in forming his opinion; 2) include any exhibits supporting his opinion; 3) submit a list of all publications authored by the expert within the preceding ten (10) years; 4) disclose the amount paid as compensation for performing the study and testimony; and 5) provide a list of any other case in which the expert has provided its expert services either by testimony at trial or by deposition within the preceding four (4) years.

At the outset the Court notes that the Minutes of Proceedings held on August 29, 2005 (Docket No. 41) shows that plaintiff was granted until October 17, 2005 to produce its expert's report. Furthermore, plaintiffs were ordered that should they deem necessary the use of additional expert witnesses, said witnesses were to be disclosed on or before September 30, 2005, and their expert reports were to be provided on or before the 18th day of November 2005. Accordingly, defendants were granted subsequent dates and deadlines to provide their corresponding Rule 26 initial disclosures and the expert reports. Consequently, the Court provided a Discovery Cutoff and a Dispositive Motion Deadline.

The Court further notes that plaintiff has failed to oppose Ace Insurance, and HR Properties d/b/a Courtyard Marriot's respective motions within the ten (10) days provided by Local Civil Rule 7.1(b) hence any objections thereto are deemed waived. Accordingly, the Court examines the propriety of the remedies sought by co-defendants without the benefit of plaintiffs' position as to said matters. An examination of the record reveals that the instant parties were forewarned that the Court could occasionally extend a scheduling order deadline but the movant had to comply with three requisites, to wit, request the extension of time in a timely fashion pursuant to Rule 6((b), Fed.R.Civ.P.; that the request for extension of time had to show good cause as to why the deadline could not be met despite movant's certified diligence as set forth in *O'Connell v. Hyatt*, 357 F.3d 152 (1st Cir. 2004); and that the reason to request the extension of time could not result from counsel alleging that his professional schedule was too busy and consequently did not allow meeting the deadline as scheduled by the Court in accordance with *Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 5 (1st Cir. 2002).

The applicable jurisprudence shows that: "[I]t has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132 (1991)(citations omitted). Those inherent powers to sanction parties for litigation abuses include the power to "act *sua sponte* to dismiss a suit for failure to prosecute." *Id.*, at 44.[1] This rule has its basis on the principle that "[a]ttorneys represent clients, and as a general rule an attorney's blunder binds her client." See *Link v. Wabash R. Co.*, 370 U.S. 626, 633-36, 82 S.Ct. 1386, 1390-92 (1962); *Thibeault v. Square D Co.*, 960 F.2d 239, 246 (1st Cir.1992).

Further, in the case at bar and at this early stages of the proceedings, plaintiff has evidently dragged its feet prosecuting the instant claim. The Court explains. Firstly, the Court notes that almost five months have elapsed from the deadline set by the Court to plaintiffs to provide their expert report to the defendants and as of this date, the record is devoid of any intention or attempt made by defendants to seek an extension of time to provide said report nor an explanation as to their failure to meet the deadline. Further, the co-defendants to the instant case have submitted motions requesting sanctions against plaintiffs for their failure to comply with the Court's order and the provided deadline and plaintiffs continue failing to react. The Court finds this behavior inexcusable.

It is known that Rule 37(a)(2)(A) provides appropriate remedies for those instances wherein

---

[1] "[D]ismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion [the court emphasizes] has not received a sympathetic ear from [the First Circuit]." *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 17 (1st Cir. 1983).

a party fails to disclose relevant information as required by Rule 26(a). Specifically, the Rule provides for the party prejudiced for the failure of non-disclosure, to move for an order compelling disclosure and for appropriate sanctions.[2] Similarly, Rule 37(c)(1) provides that a party who fails to disclose information required by Rule 26(a) or 26(e)(1) without providing substantial justification as to such failure is not permitted to use as evidence at any stage of the proceedings any witness or information not disclosed.[3] The exception to the rule is that such failure is harmless. The Rule further provides that in addition or in lieu of barring the testimony not disclosed may impose other appropriate sanctions only after an opportunity to be heard has been awarded to the noncomplying party.

However, it has been stressed by the Court of Appeals for the First Circuit that "[p]rejudice to the court is inherent in needless delays and postponements." *Chuang Invs. v. Eagle Inns, Inc.*, 81 F.3d 13, 14 (1st Cir. 1996). The Court finds plaintiffs have, as a matter of fact, tried to box twelve rounds in the rough ring of civil litigation, assuming perhaps that the Court will forgive them and consequentially "throw in the towel" for them every time. The Court, however, has no "obligation to play nursemaid to indifferent parties." *Pinto v. Universidad de Puerto Rico*, 895 F.2d 18, 19 (1st Cir. 1990). The Court finds that not only have they failed to be **reasonably** diligent, they have **not been diligent at all**. It is well known that the Court cannot sit idly waiting for plaintiff to litigate its case at its pleasure. Plaintiffs have shown a pattern of noncompliance with this Court's order in addition to show a lack of diligence prosecuting its claims. *See*, *Damiani v. Rhode Island Hospital*, 704 F.2d at 15-16. In sum, Plaintiff has shown a lack of interest vindicating whatever rights they may have. *Zavala Santiago v. Gonzalez Rivera*, 553 F.2d 710, 713 (1st Cir. 1977). Furthermore, "[t]he effective administration of justice requires that trial court possess the capability to manage their own affairs." *Chamorro v. Puerto Rican Cars*, 304 F.3d 1, 6 (1st Cir., 2002) citing *Chambers v. NASCO, Inc.*, 501 U.S. at 43. "[T]he inherent power of trial courts to dismiss cases for want of prosecution or disregard of judicial orders is reinforced and augmented by Rule 41(b)." *Chamorro v. Puerto Rican Cars*, 304 F.3d at 4. Simply expressed, there is no reasonable excuse for plaintiff's failure to comply with the Court's order and evidence compliance with the rules of practice. Finally, notwithstanding the leniency showed by the Court, plaintiff has failed to react.

However, since the Rule requires the Court to provide the noncomplying party with an opportunity to be heard before excluding its witnesses, and because the only harm alleged by defendants relates to their failure to comply with the deadline provided by the Court, the Court hereby **DENIES** Hugh A. Andrews' *Motion for Sanctions Against Plaintiffs for Failure to Completely Disclose Expert Testimony Pursuant to Fed.R.Civ.P. 26(a)(2)(B) and Comply with August 29, 2005 Scheduling Orders* (Docket No. 56). Further, the Court notes that co-defendant, Mr. Hugh Andrews is precluded from claiming that it has been harmed for plaintiff's noncompliance

---

[2] Rule 37(a)(2)(A) provides as follows: "[i[f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action".

[3] In its relevant parts Rule 37 (c)(1) provides that: "[a] party that without substantial justification fails to disclose information required by Rule 26 (a) or 26(e)(1), ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions".

because additional co-defendants have been added to the complaint which in turn, translates in additional coverage in its own benefit. Furthermore, the recently joined co-defendants HR Properties d/b/a Courtyard Marriot has requested that an extension of time up to March 24, 2006, be granted to answer the Amended Complaint since its insurance broker has not yet made an appearance on its behalf. Moreover, Ace Insurance Company has also requested an extension to the Discovery Deadline up to June 16, 2006 to conclude all pending discovery matters. As stated previously, Ace Insurance Company moves in the alternative to strike plaintiff's expert report for its failure to timely comply with the deadline provided. Consequently, the Court **GRANTS in part** Ace Insurance Company's *Motion Requesting Extension of Discovery Deadline; in the Alternative, Motion to Strike Plaintiff's Expert Witness* (Docket No. 53) and **GRANTS** HR Properties d/b/a Courtyard Marriot's *Motion for Extension of Time* (Docket No. 54). Accordingly, the Court provides the following Case Management Schedule amending the scheduling order at Docket Entry No. 41:

1) HR Properties d/b/a Courtyard Marriot is granted until **March 24, 2006** to file its Answer to the Amended Complaint **on or before March 24, 2006 (date requested by H.R. Properties). Any further request of additional time to file its Answer to the Amended Complaint shall be SUMMARILY DENIED**.

2) **Discovery Cutoff Date: June 16, 2006.** All pending depositions and medical evaluations to plaintiff must have concluded by the given deadline. **This is the FINAL extension to the Discovery Cutoff date.**

3) **Dispositive Motions Deadline: July 21, 2006. All co-defendants must join in one dispositive motion.** The dispositive motions and oppositions thereto are limited to a maximum length of twenty five (25) pages. Any motion filed in excess of said length shall be **SUMMARILY DENIED**. Further, Reply/Surreply although strongly disfavored by the Court are authorized. However, Reply/Surreply shall not be used to rehash legal arguments presented previously to the Court and **shall be filed within seven (7) days** and **shall not exceed ten (10) pages in length** pursuant to Local Rule 7.1(c). Noncompliance shall be fatal. **The three (3) additional days provided by Local Rule 5.1(e) are hereby SET ASIDE.** Further, any request for an extension of time relating to dispositive motions, oppositions thereto, reply/surreply, and/or request for leave to file in excess of the length provided shall be **SUMMARILY DENIED** and the parties rights deemed waived.

4) Plaintiff shall produce its expert report and all mandatory disclosures pursuant to Rule 26 **on or before May 17, 2006**. **Plaintiff is forewarned that the Court expects compliance fully, that this is the last opportunity provided to plaintiff, and that failure to fully comply shall result in the exclusion of the expert and its associated evidence from all proceedings.** Finally, the Court reminds plaintiff that "[t]he law ministers to the vigilant, not to those who sleep upon perceptible rights". *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir. 1987). Plaintiff has had its last warning shot. **The Court's benevolence has been totally exhausted as to plaintiff.**
    IT IS SO ORDERED.
In San Juan Puerto Rico this 12th day of May 2006.

                                                                **S/DANIEL R. DOMINGUEZ**
                                                                 **DANIEL R. DOMINGUEZ**
                                                                     **U.S. DISTRICT JUDGE**